FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF GEORGIA**

2006 MAY -8  PM 12: 57

**AUGUSTA DIVISION**

CLERK ~J Bunton~
SO. DIST. OF GA.

| | |
|---|---|
| KEVIN WAYNE JONES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CV 105-206 |
| | ) |
| CLAY WHITTLE, Sheriff, | ) |
| | ) |
| Respondent. | ) |

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner filed a petition for writ of habeas corpus under Title 28, United States Code, Section 2254.  Respondent then filed a motion to dismiss the petition.  Doc. 7. Petitioner has submitted his opposition to the motion.  For the reasons that follow, the Court recommends that the motion to dismiss be **GRANTED** and that judgment be **ENTERED** in favor of respondent.

## I. BACKGROUND

In March 1999, a grand jury sitting in Columbia County, Georgia, indicted petitioner on seven counts of burglary.  Petitioner subsequently pleaded guilty to the reduced charge of seven counts of receiving stolen property on November 30, 1999. Resp. Ex. 2. The court sentenced petitioner to ten years in prison for each count, to run consecutively.  Id.

Petitioner did not appeal his sentence.  He did file a state petition for habeas corpus

on June 11, 2001.  There, he challenged his conviction and sentence on the grounds of his

counsel's failure to present evidence of petitioner's mental illness, his lack of competence

to stand trial, the trial court's alleged improper acceptance of his guilty plea, and the trial

court's improper imposition of his sentence.  Resp. Ex. 5.  The state habeas court denied the

petition on September 27, 2002.  Id.  Petitioner failed to file a timely notice of appeal of the

state habeas court's ruling.  Resp. Ex. 6.

Petitioner filed the instant Section 2254 petition on December 20, 2005.  In the

petition, petitioner claims that the plea was involuntary because he was unaware that the

State would have to prove that the value of stolen property was greater than $500, that the

court did not properly inform petitioner of the rights he was waiving in pleading guilty, and

that the court improperly ordered petitioner to pay restitution for charges that were dismissed.

Respondent moves to dismiss the petition on the grounds that it is untimely and that

petitioner has not adequately exhausted his state law remedies.[1]


## II. DISCUSSION

### A.    Statute of Limitations

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L.

No. 104-132, 110 Stat. 1214, amended the statute governing habeas corpus petitions for state

prisoners seeking relief in the federal courts.  Title 28, United States Code, Section 2244

---

[1]Petitioner has complained of the adequacy of the law library at the Columbia County
Detention Center, his current place of incarceration. Because the contentions in respondent's
motion to dismiss hinge on factual, rather than legal, issues, the Court finds that petitioner's
alleged lack of legal resources does not deprive him of the ability to respond adequately to
the motion to dismiss.

provides, in pertinent part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In this case, because petitioner did not file a direct appeal of his conviction and sentence in a timely manner, his conviction became final on December 30, 1999, after the thirty-day period for filing an appeal under Official Code of Georgia Annotated, Sections 5-6-37, 5-6-38 expired. Petitioner then had until December 29, 2000, to file his Section 2254 petition.

Petitioner's subsequent state habeas petition, filed on June 12, 2001, did not toll the intervening period or restart petitioner's statute of limitations.[2] Moore v. Crosby, 321 F.3d

---

[2]Of course, the limitations period would ordinarily have been tolled while the state habeas petition was pending in state court under Section 2241(d)(2). Because the Section 2241 limitations period had already expired before petitioner filed the state habeas petition,

3

1377, 1381 (11th Cir. 2003) (noting, in analogous case, that "[w]hile a 'properly filed' application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired"). Because petitioner did not file his Section 2254 petition until December 20, 2005, almost five years after the date his conviction became final, the petition is barred by the statute of limitations.[3]

Petitioner argues that the limitations period should be equitably tolled from February 2000 until February 2001, a period of time in which petitioner claims he was mentally incapacitated. Even if the Court were to grant equitable tolling for the period of petitioner's alleged incapacitation, however, his petition would still be untimely by approximately four years.

Petitioner also argues that the limitations period should be tolled during the entire five-year period because he lacked knowledge of the AEDPA statute of limitations provision. Courts have held, however, that mere ignorance of the law is not a sufficient basis for equitably tolling a limitations period. Jones v. United States, 304 F.3d 1035, 1044 (11th Cir. 2002) (citing Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990) (holding that ignorance of law is insufficient basis for granting equitable tolling)). Thus, equitable tolling on the basis of petitioner's alleged ignorance of the law would be inappropriate, and equitable tolling based on petitioner's year of alleged incapacity would be inadequate to save him from a statute of limitations bar.

---

however, there was no time left to be tolled.

[3]Even if petitioner's state habeas petition had restarted the statute of limitations period, his Section 2254 petition would still be over two years late.

4

## B. Exhaustion

The instant petition should also be dismissed because petitioner has not exhausted adequately his Section 2254 claims in state court. The AEDPA requires a district court to dismiss habeas claims that the petitioner has a right to raise in a state court but fails to raise in state court. 28 U.S.C. § 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented." Id. § 2254(c) (emphasis added). The Supreme Court has held that a petitioner is deemed to have exhausted his state judicial remedies when the state courts have been allowed a fair opportunity to address the petitioner's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

Claims raised for the first time in a federal habeas proceeding, however, may be exhausted if the claims are procedurally barred under state law. Teague v. Lane, 489 U.S. 288, 297-98 (1989). Where a state procedural bar is apparent, a court "can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief." Snowden v. Singletary, 135 F.3d 732, 736 (11th Cir. 1998); see also Harris v. Reed, 489 U.S. 255, 263 n.9 (1989) ("[A] federal habeas court need not require that a federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred.").

5

Under Official Code of Georgia Annotated, Section 9-14-51, a second or successive Georgia state habeas petition is procedurally barred unless a state habeas judge concludes that the grounds cited in the petition could not have been raised in the original petition. O.C.G.A. § 9-14-51. The Eleventh Circuit has held that Section 9-14-51 should be enforced by federal courts "unless there is some indication that a state court judge would find the claims in question could not reasonably have been raised in the original or amended petition." Chambers v. Thompson, 150 F.3d 1324, 1327 (11th Cir. 1998).

With the exception of petitioner's claim that he did not knowingly waive his right against self-incrimination, petitioner has not presented the claims raised in his Section 2254 petition in state court. Under Section 9-14-51, those claims appear to be barred now in state court by the successive petition rule. Accordingly, petitioner's claims should be dismissed in this Section 2254 proceeding as unexhausted.

Petitioner's claim regarding the waiver of his right against self-incrimination likewise is unexhausted because of his failure to appeal his state habeas petition to the Georgia Supreme Court in a timely fashion. Petitioner contends that the late filing of his appeal with the Georgia Supreme Court should have been accepted under Georgia's "mailbox rule." The Georgia Supreme Court addressed this issue on petitioner's motion for reconsideration, finding that, under the standard set forth in Massaline v. Williams, 554 S.E.2d 720, 720 (Ga. 2001), petitioner had not properly provided evidence of the date on which he attempted to file his appeal. The Court finds that the Georgia Supreme Court properly applied the mailbox rule in petitioner's case in finding petitioner's appeal untimely, and that petitioner accordingly has failed to exhaust completely his state court remedies.

6

## III. CONCLUSION

For the reasons set forth above, the Court finds that the petition is time-barred by the applicable one-year statute of limitations. The Court also finds that petitioner has not exhausted his claims in state court. Accordingly, the Court recommends that the motion to dismiss, Doc. 7, be **GRANTED** and that judgment be **ENTERED** in favor of respondent.

SO REPORTED and RECOMMENDED this $\cancel{8}$h day of May, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

7