IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2006 AUG -8 AM 10: 18
CLERK B McCarthy
SO. DIST. OF GA.

| | |
|---|---|
| KEVIN WAYNE JONES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 105-206 |
| ) | |
| CLAY WHITTLE, Sheriff, ) | |
| ) | |
| Respondent. ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed.[1] Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Respondent's motion to dismiss this Title 28, United States Code, Section 2254 petition is **GRANTED**. The petition is **DISMISSED**.

SO ORDERED this 8th day of August, 2006, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Petitioner contends in his objections that he was prevented from filing his petition in a timely manner because of mental incapacity and state-created impediment. As the Magistrate Judge concluded in his Report and Recommendation, petitioner's ignorance of the statute of limitations period does not rise to the level of state-created impediment, and the instant petition would still have been filed well after the limitations period even if the Court excluded the period of petitioner's alleged mental capacity. In any case, as the Magistrate Judge noted, the instant petition should also be dismissed because petitioner has not exhausted his administrative remedies.